AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Romell Miller<br><br>*Defendant(s)* | )<br>)<br>)  Case No.<br>)         20-8104-WM<br>)<br>)<br>) |

FILED BY ____ D.C.

MAR 03 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **March 2, 2020** in the county of **Palm Beach** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§841(a)(1) and 952(a) | Possession with Intent to Distribute a controlled substance (Marijuana); and Importation into the U.S from a place outside thereof, a controlled substance (Marijuana). |

This criminal complaint is based on these facts:

See Attached Affidavit in Support of Criminal Complaint

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Douglas Johnson, Special Agent DHS/HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 03/03/2020

_____
*Judge's signature*

City and state: West Palm Beach, Florida

William Matthewman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT
## OF
## SPECIAL AGENT
## DOUGLAS S. JOHNSON
## DEPARTMENT OF HOMELAND SECURITY INVESTIGATIONS

I, Douglas S. Johnson, first being duly sworn, do hereby depose and state as follows:

1. I am a Special Agent with the United States Homeland Security Investigations (HSI), currently assigned to the Assistant Special Agent in Charge, West Palm Beach, Florida since June 2007. I was previously employed by the United States Customs and Border Protection (CBP) as a Marine Interdiction Agent and as a Deputy Sheriff with the Brevard County Sheriff's Office in Brevard County, Florida. I have been continuously employed and certified as a state and federal law enforcement officer since January 1985.

2. As a Special Agent with HSI, my duties and responsibilities include conducting criminal investigations of individuals and businesses who have violated federal laws, particularly those found in Titles 8, 18, 19, 21 and 31 of the United States Code. I have received training covering legal and administrative law of the Immigration and Nationality Act and illegal narcotics trafficking. I have obtained experience from numerous investigations involving the importation of illegal narcotics, alien smuggling, illegal re-entry and removal. money laundering, and other violations of federal law. Over the years, I have attended numerous trainings pertaining to the concealment of illegal narcotics and distribution techniques. I have personally been involved in the seizure of illegal narcotics that have been concealed within various containers, vessels and other conveyances.

3. I am currently conducting an investigation relating to the smuggling of narcotics into the southeast coast of Florida in violation of Title 21, United States Code Section 841(a) and Title 21, United States Code 952(a). I am familiar with the facts and circumstances of the investigation and this affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the

investigation, but only those facts necessary to establish probable cause to believe that on March 2, 2020, Romell Miller did knowingly and intentionally possess with intent to distribute and import into the United States from a place outside thereof a controlled substance (Marijuana).

### Facts establishing probable cause

4. On March 2, 2020, at approximately 0530 a.m., the Town of Palm Beach police department received a call of a vessel that had come ashore near the "Beach Club" located at 755 N. County Road, Palm Beach, Florida, 33480. Upon arrival officers found an unoccupied 20-foot vessel bearing Bahamian registration GB02735. As officers searched the area, they encountered a Bahamian male identified as Romell Miller. Miller indicated that he was on the vessel with seven (7) other subjects and that he was looking for assistance. The Palm Beach police detained Miller and notification was made to the United States Department of Homeland Security United States Customs and Border Protection, Border Patrol and to Homeland Security Investigations. Subsequently four (4) additional subjects were located and taken into custody, and three (3) subjects were still at large.

5. At approximately 0630 a.m. United States Customs and Border Protection, Border Patrol officer Jorge Acosta conducted a thorough inspection of the vessel and discovered a black colored nylon bag with zipper in the cabin area. Further examination revealed that the bag contained five (5) bundles of suspected marijuana. While searching for the other occupants of the vessel a second black colored nylon bag with a zipper containing one bundle of suspected marijuana was found near a beach access ramp. A total of six (6) bundles of suspected marijuana was seized and later reported to weigh at 42 pounds. Based on your affiant's training and experience as well as the training and experience of Department of Justice Drug Enforcement Administration (DEA) special agent Matt Davis confirmed that the bundles contained marijuana. Special Agent Davis took custody of the marijuana and later conducted a positive presumptive field test for marijuana.

6. A post Miranda interview was conducted with the subject Romell Miller. The interview was audio and video taped and a signed Miranda waiver was obtained from Miller. The following is a synopsis of the interview and is not verbatim. Initially, Miller stated that he was the operator of the vessel and that he was forcibly taken to the vessel by two (2) Jamaican male subjects. Upon arrival at the vessel, he stated that it was already running and was told to drive the vessel to Jupiter, Florida. Miller stated that the people and bags were loaded onto the vessel and then he was forced to drive to Florida. Upon arrival, he pulled the vessel onto the beach and he was threatened again by the subjects and told not to say anything. Miller stated that he remained on the vessel for a period and then departed the vessel to seek assistance and eventually turned himself in to a police officer who was in the area.

7. Homeland Security Investigations special agent David Malone assisted in the investigation and reviewed the "Beach Club" video security footage. Agent Malone observed eight subjects walking away from the area of the vessel but did not see anyone else approach or depart from the vessel. The video was poor quality and grainy but was time stamped at 0452 a.m. when the vessel arrived on the beach.

8. A post Miranda interview was conducted with a second subject on the vessel. The interview was audio and video taped and a signed Miranda waiver was obtained from subject. The following is a synopsis of the interview and is not verbatim. The subject stated that he was on the vessel for the voyage and that he was by the driver of the vessel. He stated that the driver was a thin Bahamian male who was wearing a black colored hooded sweatshirt and not Miller who is a much larger person with dreadlocks. The subject stated that he engaged in conversation with the driver and that Miller remained in the cabin of the vessel the entire voyage. When the vessel arrived on the beach the driver of the vessel fled in a separate direction and was not one of the subjects taken into custody.

9. Agents then conducted a second post Miranda interview with the subject Romell Miller. The interview was audio and video taped and again Miller waived his Miranda rights. The following is a synopsis of the interview and is not verbatim. When confronted with the statements made by the second subject and the video from the security cameras, Miller began to change his story. He stated that approximately two weeks ago he was contracted to transport ten (10) pounds of marijuana from Bimini to Freeport. Upon arrival, he discovered that he was moving drugs and people and changed his mind at the last minute. Miller was told that payment had already been made and that he was indebted to the organizer who was identified as "Lil Pat". Miller stated in order to satisfy his obligation he was told that he had to "oversee" the transportation of the people and bags from Freeport to Florida. Miller stated that two Jamaican subjects came to his house yesterday and told him it was time to pay his debt and make the trip. Miller stated that when they arrived at the boat the bags containing the drugs was already on the boat. Miller stated, "Truthful part, I never knew how much dope it was." Miller stated that "Lil Pat", told him to "babysit this and we will be straight", referring to the drugs and people. Miller stated that there was a total of eight (8) people including himself, the two (2) Jamaicans and five (5) others. Miller stated that just prior to their arrival the boat captain told him to call his point of contact but was unable to make the call because he did not have cell service. Miller acknowledged that he knew that taking drugs and people into the United States was unlawful.

10. WHEREFORE, on the basis of the foregoing facts and evidence, your Affiant submits that there is probable cause to believe that on March 2, 2020, Romell Miller did knowingly

and intentionally possess with intent to distribute and import into the United States from a place outside thereof a controlled substance (Marijuana) in violation of Title 21, United States Code Section 841(a)(1) and Title 21, United States Code 952(a).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Douglas S. Johnson, Special Agent
Homeland Security Investigations


Sworn to and subscribed before me this 3rd day of March 2020.

William Matthewman
UNITED STATES MAGISTRATE JUDGE

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-8104-WM

UNITED STATES OF AMERICA

vs.

ROMELL MILLER,

        Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

/s/ *Robin W. Waugh*
ROBIN W. WAUGH
Assistant United States Attorney
Florida Bar #: 537837
500 South Australian Avenue, 4th Flr.
West Palm Beach, Florida 33401
Tel: (561) 820-8711
Fax: (561) 659-4526
robin.waugh@usdoj.gov